## FREDERICK HERSCHER, EXECUTOR,
## v.
## JAMES H. BRAZIER.

*Landlord and Tenant—Distress for Rent—Deprivation of Use of Part of Demised Premises—Evidence—Instructions.*

1. Where the question was whether a house and barn were situate upon a piece of land described in a lease as " about half an acre apple orchard" and reserved from the leased property, evidence was admissible on the part of the tenant of a conversation between a witness and the lessor in his lifetime, the action being brought by an administrator, tending to show that the lessor regarded the house in question as not being in the reserved tract.

2. An instruction to the jury that the above conversation was proper for them to consider in determining whether or not the tenant was entitled to the use of the house and barn in question under the lease, was proper.

[Opinion filed December 8, 1890.]

APPEAL from the County Court of Kankakee County; the Hon. THOMAS S. SAWYER, Judge, presiding.

Messrs. HARRISON LORING and WILLIAM POTTER, for appellant.

Messrs. JAMES N. ORR and O. G. BARTLETT, for appellee.

UPTON, J.   Appellant caused to be issued and levied a distress warrant to collect $288 of appellee, being an installment of rent due October 1, 1889, by the terms of a lease made by appellant's testator to appellee, and the main controversy arises out of the claim by appellee to an offset for rent claimed to be due him from appellant for a house and barn which he contends were demised to him by the terms of the above mentioned lease and from which he was excluded and prevented from occupying by the testator and appellant, and which was repeatedly leased to various persons who occupied the same and paid rent therefor to the testator and afterward to appellant as his executor.   Appellant's contention is, that the *house* was upon ground expressly *excepted* and *reserved by the terms*

*of the lease to appellant,* and as to the barn, he denied that either the testator or himself had at any time during the term of the lease, in any way interfered with appellee's possession or enjoyment of the barn, or leased or collected rent from any person occupying the same. Upon return of the distress warrant and inventory of levy to the County Court, summons was issued, parties appeared, appellee filed with other pleas a plea of set-off and counter-claim for rent due him as before stated, upon which plea issue being joined, the facts therein involved were submitted to a jury, who returned a verdict for the appellee upon his counter-claim for $29.50, and the court after overruling a motion for a new trial, gave judgment thereon. Appellant excepted, and brings the case to this court on appeal to reverse that judgment.

The errors complained of are:

First: That the trial court erred in admitting improper evidence on the trial below.

Second: That the trial court erred in its instructions to the jury.

First, it is apparent that the contention in this case depends in great part upon the construction to be given to the reservation contained in the lease from appellant's testator to appellee, given in evidence, viz.: "All the northeast quarter of Section 29, except * * * fish pond * * * and about half an acre apple orchard, with a road to said pond and orchard, * * * which are respectively reserved from said northeast quarter by the party, lessor," etc. This is a mixed question of law and fact. If the house and barn, or either thereof, are situate in fact upon the reserved piece of land described as "about half an acre apple orchard " in the lease, then the appellee would not be entitled to the use thereof, and this is manifestly a question of fact. All evidence tending to establish that fact would be admissible. Indeed it is admitted by appellant's counsel, in argument before us, that parol evidence was admissible to locate the house on this half acre; if admissible as to the house, no good reason is perceived why it is not to the other buildings. No mention is made of the house or barn, in the reservation in the lease.

Complaint is made that the trial court admitted one Lum-
mery to state what conversation he had with appellant's tes-
tator in his lifetime, in reference to renting the house to
witness, and that Herscher said to witness, that he would
have to see "Jimmy," meaning appellee, about it. This was
in no manner contradicting or changing the lease by parol,
but simply tending to show the construction given by the
lessor in his lifetime thereto; to which we see no legal
objection.

We have examined the record before us with care, and we
fail to find any material evidence improperly admitted by the
trial court, or any refused, which in our judgment would
prejudice the rights of appellant. There can be no dispute
but that the appellee was deprived of the entire use of the
house, and it is equally clear that appellant's testator and
appellant received the rent therefor during the whole term
of the lease, until this distraint. There is some conflict as to
the barn, but the question as to that was, as we think, fairly
submitted to the jury, and upon this point we can not say that
justice has not been done. Certainly the jury, in our judg-
ment, were fully warranted in finding the verdict rendered
from the evidence.

Second, it is claimed in the argument that the trial court
erred in giving appellee's second instruction to the jury. In
this instruction the jury were told that if they found from the
evidence that appellee's testator in his lifetime and just after
making the lease in question, was applied to by the witness,
Lummery, for a lease to him of the house and barn in ques-
tion, and that the lessor told witness to go to appellee for
such lease, that this was proper evidence for the jury to con-
sider, in determining whether or not appellee was entitled to
the use of the house and barn, under the lease in evidence.
We see no objection to this instruction. At the least it
tended to show the construction to be given to the lease as
the lessor understood it, at or about the time of its execution,
and that the buildings were not included in the " half acre "
reserved for the lessor's use, otherwise there would have been
no occasion of referring the tenant, Lummery, then in posses-

sion of the buildings in question, and then making application to his former landlord, appellant's testator, for extension of his lease for another year, to "Jimmy," the appellee. If these buildings were upon the reservation, what occasion had appellee's lessor to refer Lummery to "Jimmy," appellee, for a lease of them? While the instructions may have been faulty in giving undue prominence to a portion of the evidence, we do not regard it, under the evidence in this case, sufficient to justify a reversal. We have examined the instructions given by the trial court for the appellee, and the objections urged thereto by the learned counsel for the appellant, and we fail to find any reversible error therein.

Upon the appellee's plea of set-off or counter-claim, the statute expressly provides that a judgment may be rendered for defendant on such counter-claim if warranted by the evidence, and being of the opinion that substantial justice has been done in this case, and that no reversible error was committed by the trial court, the judgment must be affirmed.

*Judgment affirmed.*